1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7

8

9 | WHITTIER BUCHANAN,                       CASE NO.    1:09-cv-02029-LJO-MJS (PC)

10 |            Plaintiff,                    FINDINGS AND RECOMMENDATION  FOR
                                             DISMISSAL OF CERTAIN OF PLAINTIFF'S
11 |    v.                                   CLAIMS AND DEFENDANTS

12 | G. CLARK, et al.,                       (ECF Nos. 15 and 16)

13 |            Defendants.

14 | _____/

15

16

## I.    INTRODUCTION

17        On November 19, 2009, Plaintiff Whittier Buchanan, a state prisoner proceeding pro

18 se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

19 (Compl., ECF No. 1.)  On July 21, 2011, after reviewing Plaintiff's Complaint, the Court

20 ordered Plaintiff to either file an amended complaint or notify the Court of his willingness

21 to proceed only on his excessive force claims against Defendants Clark and Erickson.

22 (Order, ECF No. 15.)  Plaintiff has since notified the Court of his willingness to forgo an

23 amended complaint and proceed with his cognizable excessive force claims. (Notice, ECF

24 No. 16.)  Accordingly, all claims in Plaintiff's Complaint except for his excessive force

25 claims against Defendants Clark and Erickson should now be dismissed.  All of the

26 Defendants named in the Complaint except for Clark and Erickson should also now be

27 dismissed.

///

28

1    II.    **ANALYSIS**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915(A)(a).  The Court must dismiss a complaint or portion thereon if the prisoner has

5    raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief.  28 U.S.C. § 1915(A)(b)(1),(2).

8          The Court reviewed Plaintiff's Complaint pursuant to this statute and issued a

9    Screening Order on July 21, 2011.  (Order,  ECF No. 15.)  In that Order, the Court

10   identified at least fifteen causes of action and sixty-three defendants.

11         The Court first addressed the broad retaliation and conspiracy claims that

12   incorporated all the Complaint's factual allegations.  The numerous retaliation claims were

13   all dismissed as conclusory and  not supported by the facts alleged.  (Id. at 7.)  Plaintiff's

14   conspiracy claims were dismissed for failure to adequately allege a meeting of the minds

15   by the Defendants.  (Id. at 8, 9.)

16         The Court then analyzed Plaintiff's claim that he was denied access to the courts.

17   Those claims were dismissed because Plaintiff did not satisfy all the claim's elements; in

18   particular, Plaintiff did not identify a claim he was prevented from bringing.  (Id. at 11.)  A

19   related "failure to train" claim was dismissed because there was no link alleged between

20   supervisory personnel and the alleged conduct that allegedly shut Plaintiff out of court.[1]

21   (Id. at 13.)

22         The Court also dismissed Plaintiff's cruel and unusual punishment claims because

23   Plaintiff did not identify any conduct that amounted to cruel and unusual punishment.  (Id.)

24         As to property that was allegedly confiscated by some of the Defendants, Plaintiff

25   claimed violations of his Fourteenth, Fourth, and Eighth Amendment rights.  The Court

26   dismissed all of these claims.  The Fourteenth Amendment Due Process claim was

27

28        [1]  The same flaw was identified in Plaintiff's other supervisory claims.  (Id. at 15, 22, 24, 25.)

1    dismissed for failure to demonstrate compliance with California's Tort Claims Act.  (Id. at

2    16, 17.)  The Fourth Amendment seizure claim was dismissed because "[a]n inmate has

3    no 'reasonable expectation of privacy in his prison cell entitling him to the protection of the

4    Fourth Amendment against unreasonable searches and seizures.'" (Id. at 18 (citing

5    Hudson v. Palmer, 468 U.S. 517, 536 (1984).)   The Court dismissed the Eighth

6    Amendment claim because the deprivation of property was not sufficiently serious.  (Id. at

7    19.)

8          The Court then found a cognizable excessive force claim against Defendants Clark

9    and Erickson.  The facts alleged supported the conclusion that Defendants Clark and

10   Erickson applied force maliciously and sadistically to cause harm.  (Id. at 21.)  Similar

11   excessive force claims against other Defendants were dismissed because those claims did

12   not adequately allege malicious and sadistic applications of force.  (Id.)

13         Plaintiff's two medical claims were dismissed because the first claim did not allege

14   deliberate indifference and the second claim was a purely conclusory allegation. (Id. at 23,

15   24.)

16         The failure to protect claims were also found to be conclusory and were thereby

17   dismissed.  (Id. at 26.)

18         The Court then addressed more specific retaliation claims.  Those claims were

19   dismissed for failure to allege that the protected conduct motivated the adverse action. (Id.

20   at 27.)

21         Plaintiff was instructed that in order to state a cause of action based on violations

22   of California Code Sections, he must first demonstrate compliance with the California Tort

23   Claims Act.  (Id. at 28.)  Plaintiff's notice of his willingness to proceed on his cognizable

24   claims made no mention of his efforts to comply with the California Tort Claims Act.

25   Therefore, the Court will not exercise supplemental jurisdiction over Plaintiff's state law

26   claims.

27         The Court gave Plaintiff the option to proceed only against Defendants Clark and

28   Erickson on his excessive force claim or to file an amended complaint.  Plaintiff has notified

1  the Court that he wishes to proceed only on his excessive force claim against Defendants

2  Clark and Erickson.  (Notice, ECF No. 16.)  Accordingly, Plaintiff's other claims and all

3  other Defendants should now be dismissed.

4  **III.     CONCLUSION**

5  Based on the foregoing, it is HEREBY RECOMMENDED that:

6  1.      Plaintiff's repeated retaliation claims be DISMISSED without prejudice;

7  2.      Plaintiff's conspiracy claim be DISMISSED without prejudice;

8  3.      Plaintiff's access to the courts claim be DISMISSED without prejudice;

9  4.      Plaintiff's cruel and unusual punishment claim be DISMISSED without

10  prejudice;

11  5.      Plaintiff's Due Process and Fourth Amendment claims be DISMISSED

12  without prejudice;

13  6.      Plaintiff's inadequate medical care claims be DISMISSED without prejudice;

14  7.      Plaintiff's Eighth Amendment failure to protect claim be DISMISSED without

15  prejudice;

16  8.      Plaintiff's various state law claims be DISMISSED without prejudice;

17  9.      The following Defendants be DISMISSED from this action: Matthew Cate,

18  Hidy Lackner, James A. Yates, M. C. Davis, J. Mattingly, R. H. Trimble, M.

19  E. Spearman, J. Ahlin, P. D. Brazelton, R. Shannon, A. Walker, Castro,

20  Wheat, D. Daniel, J. Garrison, Larita, D. J. Hatten, R. Cazares, Lowry,

21  Cooper, C. Dukes, J. Moreno, Delgado, Hernandez (A), Hernandez (B),

22  Dutra, Brumhill, Holiday, M. Wilson, C. Nevarez, D. Huckabay, Lantz,

23  McBryde, Sobbe, W. Oxborrow, D. Reeves, R. Carter, K. D. Geringer, J. D.

24  Bennett, N. Greene, R. Ladd, J. L. Brown, M. Perry, A. Pineda, J. C. Smith,

25  C. Huckabay, M. Flores, K. Marshall, C. Tingey, N. E. Villa, C. Lopez, G.

26  Duran, J. A. Herrera, H. Martinez, N. Grannis, A. Nesbit, Kevorkian, R.

27  Hansen,   Marcia   Mason-Wilson,   J.   Clark,   and   California   Victims

28  Compensation and Government Claims Board; and

1    10.    Plaintiff be permitted to proceed on his Eighth Amendment claim that

2         Defendants Clark and Erickson used excessive force.

3         These Findings and Recommendations will be submitted to the United States

4    District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §

5    636(b)(l).    Within twenty (20) days after being served with these Findings and

6    Recommendations, the parties may file written objections with the Court.  The document

7    should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

8    The parties are advised that failure to file objections within the specified time may waive

9    the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

10   1991).

11

12

13

14   IT IS SO ORDERED.

15   Dated:    November 22, 2011         /s/ *Michael J. Seng*

16                          UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28