# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, | CASE NO. 1:09-cv-02029-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CERTAIN OF PLAINTIFF'S CLAIMS AND DEFENDANTS |
| v. | |
| G. CLARK, et al., | (ECF Nos. 15 and 16) |
| Defendants. | |

## I.     INTRODUCTION

On November 19, 2009, Plaintiff Whittier Buchanan, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On July 21, 2011, after reviewing Plaintiff's Complaint, the Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on his excessive force claims against Defendants Clark and Erickson. (Order, ECF No. 15.) Plaintiff has since notified the Court of his willingness to forgo an amended complaint and proceed with his cognizable excessive force claims. (Notice, ECF No. 16.) Accordingly, all claims in Plaintiff's Complaint except for his excessive force claims against Defendants Clark and Erickson should now be dismissed. All of the Defendants named in the Complaint except for Clark and Erickson should also now be dismissed.

///

## II. ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereon if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's Complaint pursuant to this statute and issued a Screening Order on July 21, 2011. (Order, ECF No. 15.) In that Order, the Court identified at least fifteen causes of action and sixty-three defendants.

The Court first addressed the broad retaliation and conspiracy claims that incorporated all the Complaint's factual allegations. The numerous retaliation claims were all dismissed as conclusory and not supported by the facts alleged. (Id. at 7.) Plaintiff's conspiracy claims were dismissed for failure to adequately allege a meeting of the minds by the Defendants. (Id. at 8, 9.)

The Court then analyzed Plaintiff's claim that he was denied access to the courts. Those claims were dismissed because Plaintiff did not satisfy all the claim's elements; in particular, Plaintiff did not identify a claim he was prevented from bringing. (Id. at 11.) A related "failure to train" claim was dismissed because there was no link alleged between supervisory personnel and the alleged conduct that allegedly shut Plaintiff out of court.[1] (Id. at 13.)

The Court also dismissed Plaintiff's cruel and unusual punishment claims because Plaintiff did not identify any conduct that amounted to cruel and unusual punishment. (Id.)

As to property that was allegedly confiscated by some of the Defendants, Plaintiff claimed violations of his Fourteenth, Fourth, and Eighth Amendment rights. The Court dismissed all of these claims. The Fourteenth Amendment Due Process claim was

---

[1] The same flaw was identified in Plaintiff's other supervisory claims. (Id. at 15, 22, 24, 25.)

dismissed for failure to demonstrate compliance with California's Tort Claims Act. (Id. at 16, 17.) The Fourth Amendment seizure claim was dismissed because "[a]n inmate has no 'reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures.'" (Id. at 18 (citing Hudson v. Palmer, 468 U.S. 517, 536 (1984).) The Court dismissed the Eighth Amendment claim because the deprivation of property was not sufficiently serious. (Id. at 19.)

The Court then found a cognizable excessive force claim against Defendants Clark and Erickson. The facts alleged supported the conclusion that Defendants Clark and Erickson applied force maliciously and sadistically to cause harm. (Id. at 21.) Similar excessive force claims against other Defendants were dismissed because those claims did not adequately allege malicious and sadistic applications of force. (Id.)

Plaintiff's two medical claims were dismissed because the first claim did not allege deliberate indifference and the second claim was a purely conclusory allegation. (Id. at 23, 24.)

The failure to protect claims were also found to be conclusory and were thereby dismissed. (Id. at 26.)

The Court then addressed more specific retaliation claims. Those claims were dismissed for failure to allege that the protected conduct motivated the adverse action. (Id. at 27.)

Plaintiff was instructed that in order to state a cause of action based on violations of California Code Sections, he must first demonstrate compliance with the California Tort Claims Act. (Id. at 28.) Plaintiff's notice of his willingness to proceed on his cognizable claims made no mention of his efforts to comply with the California Tort Claims Act. Therefore, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims.

The Court gave Plaintiff the option to proceed only against Defendants Clark and Erickson on his excessive force claim or to file an amended complaint. Plaintiff has notified

the Court that he wishes to proceed only on his excessive force claim against Defendants Clark and Erickson. (Notice, ECF No. 16.) Accordingly, Plaintiff's other claims and all other Defendants should now be dismissed.

### III. CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's repeated retaliation claims be DISMISSED without prejudice;
2. Plaintiff's conspiracy claim be DISMISSED without prejudice;
3. Plaintiff's access to the courts claim be DISMISSED without prejudice;
4. Plaintiff's cruel and unusual punishment claim be DISMISSED without prejudice;
5. Plaintiff's Due Process and Fourth Amendment claims be DISMISSED without prejudice;
6. Plaintiff's inadequate medical care claims be DISMISSED without prejudice;
7. Plaintiff's Eighth Amendment failure to protect claim be DISMISSED without prejudice;
8. Plaintiff's various state law claims be DISMISSED without prejudice;
9. The following Defendants be DISMISSED from this action: Matthew Cate, Hidy Lackner, James A. Yates, M. C. Davis, J. Mattingly, R. H. Trimble, M. E. Spearman, J. Ahlin, P. D. Brazelton, R. Shannon, A. Walker, Castro, Wheat, D. Daniel, J. Garrison, Larita, D. J. Hatten, R. Cazares, Lowry, Cooper, C. Dukes, J. Moreno, Delgado, Hernandez (A), Hernandez (B), Dutra, Brumhill, Holiday, M. Wilson, C. Nevarez, D. Huckabay, Lantz, McBryde, Sobbe, W. Oxborrow, D. Reeves, R. Carter, K. D. Geringer, J. D. Bennett, N. Greene, R. Ladd, J. L. Brown, M. Perry, A. Pineda, J. C. Smith, C. Huckabay, M. Flores, K. Marshall, C. Tingey, N. E. Villa, C. Lopez, G. Duran, J. A. Herrera, H. Martinez, N. Grannis, A. Nesbit, Kevorkian, R. Hansen, Marcia Mason-Wilson, J. Clark, and California Victims Compensation and Government Claims Board; and

10.    Plaintiff be permitted to proceed on his Eighth Amendment claim that Defendants Clark and Erickson used excessive force.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 22, 2011         /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE