# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. CLARK, et al.<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-2029-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DENIAL OF DEFENDANT CLARK'S MOTION TO REVOKE PLAINTIFF'S IFP STATUS<br><br>(ECF No. 22)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

**I.　BACKGROUND**

Plaintiff Whittier Buchanan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on November 19, 2009. (ECF No. 1.) The Court screened Plaintiff's Complaint and gave Plaintiff the option of either proceeding on his cognizable claim for excessive force under the Eighth Amendment against Defendants Clark and Erickson or filing an amended complaint. (ECF No. 15.) Plaintiff notified the Court that he was willing to proceed on his cognizable claim; the other Defendants and claims were dismissed. (ECF Nos. 16, 17, & 18.) The Court then ordered service on Defendants Clark and Erickson. (ECF Nos. 19 & 21.) As of this date, only Defendant Clark has filed an executed waiver of service. (ECF No. 23.)

On May 1, 2012, Defendant Clark filed a motion to revoke Plaintiff's in forma

1 pauperis status. (ECF No. 22.) Plaintiff filed an opposition. (ECF No. 24.) Defendant
2 Clark filed a reply. (ECF No. 25.) Defendant Clark's motion is now ready for ruling.

3 **II.     LEGAL STANDARD**

4     28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides
5 that

> [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

10 "[I]f the language of a statute is clear, we look no further than that language in determining
11 the statute's meaning," unless "what seems to be the plain meaning of the statute ... lead[s]
12 to absurd or impracticable consequences." <u>Seattle–First Nat'l Bank v. Conaway</u>, 98 F.3d
13 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted). The language of
14 section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or
15 fails to state a claim counts as strike. Adherence to the language of section 1915(g) by
16 counting as strikes only those dismissals that were made upon the grounds of frivolity,
17 maliciousness, and/or failure to state a claim does not lead to absurd or impracticable
18 consequences. Federal courts are well aware of the existence of section 1915(g). If a
19 court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state
20 [1]a claim, the court should state as much. Such a dismissal may then be counted as a
21 strike under 1915(g).

22 **III.    DISCUSSION**

23     Plaintiff has had the following cases filed and dismissed on the ground that Plaintiff
24 was not entitled to proceed in forma pauperis: <u>Buchanan v. Terhune, et al.</u>, 4:99-cv-2007
25 (C.D. Cal.); <u>Buchanan v. Terhune, et al.</u>, 4:99-cv-2076 (C.D. Cal.); <u>Buchanan v. Harris, et
26 al.</u>, 4:99-cv-3911 (C.D. Cal.); <u>Buchanan v. Perez, et al.</u>, 4:99-cv-3990 (C.D. Cal.);

Buchanan v. Adkinson, et al., 4:03-cv-3678 (C.D. Cal.); and Buchanan v. Adkinson, et al., 4:03-cv-03737 (C.D. Cal.). However, there is no clear explanation of the bases for these denials of Plaintiff's motions to proceed in forma pauperis. Defendant Clark attaches only the docket entries for these cases, and those entries do not reflect the reason for dismissal. Thus, the Court cannot determine whether the cases were dismissed because they were frivolous, were malicious, or because they failed to state a claim.

Defendant Clark does refer to Buchanan v. Chavez, et al., 4:99-cv-3991 (C.D. Cal.) and Buchanan v. Williams, et al., 06-cv-1532 (E. D. Cal.) which apparently were dismissed for failing to state claim. Those are the only two cases mentioned which clearly count as strikes under section 1915(g). Since Defendant Clark provides evidence of only two previous cases meeting the criteria, Plaintiff will be allowed to proceed in forma pauperis.

## IV.   CONCLUSION AND RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that Defendant Clark's motion to revoke Plaintiff's in forma pauperis status be denied without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 14, 2012          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE