# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN,<br><br>    Plaintiff,<br><br>    v.<br><br>G. CLARK, et al.<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-2029-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR GRANTING DEFENDANT CLARK'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(ECF No. 27)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

**I.    BACKGROUND**

Plaintiff Whittier Buchanan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on November 19, 2009. (ECF No. 1.) The Court screened Plaintiff's Complaint and gave Plaintiff the option of either proceeding on his cognizable claim for excessive force under the Eighth Amendment against Defendants Clark and Erickson or filing an amended complaint. (ECF No. 15.) Plaintiff notified the Court that he was willing to proceed on his cognizable claim; accordingly, the other Defendants and claims were dismissed. (ECF Nos. 16, 17, & 18.) The Court then ordered service on Defendants Clark and Erickson. (ECF Nos. 19 & 21.) As of this date, only Defendant Clark has filed an executed waiver of service. (ECF No. 23.)

On May 1, 2012, Defendant Clark filed a motion to revoke Plaintiff's in forma

-1-

pauperis status. (ECF No. 22.) The Court denied Defendant Clark's motion because Defendant Clark failed to provide the Court with sufficient information for it to determine if Plaintiff was subject to 28 U.S.C. § 1915. (ECF Nos. 26 & 30.)

Defendant Clark has since filed a second motion to revoke Plaintiff's in forma pauperis status. (ECF No. 27.) Plaintiff has filed an opposition. (ECF No. 28.) Defendant Clark has filed a reply. (ECF No. 29.) Pursuant to Local Rule 230(l) Defendant Clark's motion is now ready for ruling.

## II.  LEGAL STANDARD

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute ... lead[s] to absurd or impracticable consequences." Seattle–First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted). The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as strike. Adherence to the language of section 1915(g) by counting as strikes only those dismissals that were made upon the grounds of frivolity, maliciousness, and/or failure to state a claim does not lead to absurd or impracticable consequences. Federal courts are well aware of the existence of section 1915(g). If a court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state a claim, the court should state as much. Such a dismissal may then be counted as a strike under 1915(g).

///

## III. DISCUSSION

Defendant Clark argues that the following cases should count as strikes against Plaintiff: 1) Buchanan v. Terhune, et al., 4:99-cv-02076 (N.D. Cal. filed April 20, 1999), 2) Buchanan v. Harris, et al., 4:99-cv-3911 (N.D. Cal. filed August 20, 1999); 3) Buchanan v. Perez, et al., 4:99-cv-3990 (N.D. Cal. filed August 26, 1999); 4) Buchanan v. Chavez, et al., 4:99-cv-3991 (N.D. Cal. filed August 26, 1999); 5) Buchanan v. Williams, et al., 1:06-cv-1532 (E.D. Cal. filed October 31, 2006); 6) Buchanan v. Adkinson, et al., 4:03-cv-3678 (N.D. Cal. filed August 7, 2003); and 7) Buchanan v. Adkinson, et al., 4:03-cv-03737 (N.D. Cal. filed August 11, 2003).

The Court takes judicial notice of the above actions.

The following cases cited by Defendant Clark do not count as a dismissal pursuant to 28 U.S.C. § 1915(g): 1) Buchanan v. Terhune, et al., 4:99-cv-02076 (N.D. Cal. filed April 20, 1999) (dismissed as duplicative of another action), 2) Buchanan v. Harris, et al., 4:99-cv-3911 (N.D. Cal. filed August 20, 1999) (dismissed as duplicative of another action and under the "three strikes" provision of 28 U.S.C. § 1915), 3) Buchanan v. Adkinson, et al., 4:03-cv-03737 (N.D. Cal. filed August 11, 2003) (dismissed under the "three strikes" provision of 28 U.S.C. § 1915); and 4) Buchanan v. Adkinson, et al., 4:03-cv-3678 (N.D. Cal. filed August 7, 2003) (dismissed under the "three strikes" provision of 28 U.S.C. § 1915).

However, the remaining three cases cited by Defendant Clark do count as strikes pursuant to 28 U.S.C. § 1915(g): 1) Buchanan v. Chavez, et al., 4:99-cv-3991 (N.D. Cal. filed August 26, 1999) (dismissed for failure to state a claim and under the "three strikes" provision of 28 U.S.C. § 1915 on November 3, 1999); 2) Buchanan v. Williams, et al., 1:06-cv-1532 (E.D. Cal. filed October 31, 2006) (dismissed for failure to state a claim on October 24, 2008); and 3) Buchanan v. Perez, et al., 4:99-cv-3990 (N.D. Cal. filed August 26, 1999) (dismissed for failing to state a claim, for maliciously bringing a duplicative claim, and for violating the "three strikes" provision of 28 U.S.C. § 1915 on November 3, 1999).

The Court concludes that Plaintiff has thus accrued three strikes pursuant to 28 U.S.C. § 1915(g). Because Plaintiff was subject to the three strikes provision of § 1915(g) since at least October 24, 2008, he may not proceed in forma pauperis in this action unless, at the time of the filing of this action, he was under imminent danger of serious physical injury. Plaintiff's original Complaint delineated the following claims: 1) retaliatory denial of Plaintiff's court access; 2) retaliatory denial of Plaintiff's right to be free from cruel and unusual punishment; 3) retaliatory searches and seizures; 4) retaliatory use of excessive force; 5) deliberate indifference to Plaintiff's serious medical needs; 6) Defendants' failure to protect Plaintiff; 7) retaliatory delay of medical treatment; and 8) various claims under California State law. (Compl., ECF No. 1.) Plaintiff did not allege he was in imminent danger at the time he initiated this action.

## IV.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Clark's motion to revoke Plaintiff's in forma pauperis status, filed June 29, 2012, should be GRANTED;
2. Plaintiff's in forma pauperis status should be REVOKED;
3. Plaintiff be ordered to pay the full $350.00 filing fee within fourteen (14) days from the date of service of the District Judge's order adjudicating these Findings and Recommendations; and
4. Failure to timely pay the full filing fee should result in dismissal of this action without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days

after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 27, 2012             /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE